## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICHARD EUGENE SNELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. CIV-05-861-M** |
| | ) | |
| **LENORA JORDAN,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Vicki Miles LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons stated herein, it is recommended that it be dismissed upon filing as untimely.

By this action, Petitioner challenges his convictions by a jury for two counts of lewd molestation, one count of second-degree rape, one count of second-degree rape by instrumentation, and two counts of forcible sodomy, for which he received a sentence of ten years imprisonment on each count, to run consecutively. Petition, p. 1; Case No. CF-1997-324, District Court of Cleveland County (Sept. 22, 1997). Petitioner appealed

---

[1]Although Petitioner listed the State of Oklahoma as Respondent, the state officer having custody of a petitioner presently in custody pursuant to the state judgment in question is the proper respondent in a § 2254 habeas action. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Petitioner lists his current place of confinement as the Oklahoma State Reformatory, therefore Lenora Jordan is hereby substituted as Respondent. Oklahoma Department of Corrections Website, Facilities, <http://www.doc.state.ok.us/docs/OSR.HTM> (accessed Aug. 3, 2005).

his convictions, and on October 22, 1998, the Oklahoma Court of Criminal Appeals affirmed.  Petition, p. 2;  Case No. F-1997-1292, Oklahoma Court of Criminal Appeals. Petitioner has also filed two applications for post-conviction relief, both having been denied by the District Court of Cleveland County: an Application for Post-Conviction Relief, Motion to Vacate Judgment and Sentence, Modify Sentence, and for Evidentiary Hearing, filed on November 26, 2001, and denied on May 17, 2002; and an Application for Post-Conviction Relief, filed on July 29, 2002, and denied on October 16, 2002.  Petition, p. 3.

In his petition filed herein, Petitioner raises three grounds for relief.  In Ground One he claims that the prosecutor attempted to offer evidence of other crimes which had been ruled inadmissible by the trial court.  Petition, p. 3.  In Ground Two, Petitioner claims that there was insufficient evidence to support the charge of second-degree rape.  Petition, p. 4. In Ground Three, he claims that the trial court erred in instructing the jury as to all offenses at once.  Petition, p. 4.

## I.  SCREENING REQUIREMENT

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ."  The undersigned finds that it is proper to raise the issue of timeliness of a petition for writ of habeas corpus sua sponte under Rule 4. Graves v. Boone, No. 99-7013, 1999 WL 1079626 (10th Cir. Nov. 30, 1999); Williams v. Boone, No. 98-6357, 1999 WL 34856 (10th Cir. Jan. 28, 1999) (affirming the Court's sua

sponte dismissal of habeas corpus petition as untimely under Rule 4).[2]

As stated by the Fifth Circuit in <u>Kiser v. Johnson</u>, 163 F.3d 326, 328- 29 (5th Cir. 1999), affirming the power of the district court to raise the statute of limitations sua sponte:

> The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.

<u>Kiser</u>, 163 F.3d at 328 (quoting Rule 4 Advisory Committee Notes).

Moreover, the undersigned's sua sponte consideration of whether the petition is time-barred will not prejudice Petitioner since he has an opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation.  <u>See</u> <u>Smith v. Dorsey</u>, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised issue of procedural bar sua sponte and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing <u>Hardiman v. Reynolds</u>, 971 F.2d 500 (10th Cir. 1992)).

## II.  THE AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[3] sets forth a one-year period of limitations for habeas petitioners who are in state custody.  The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ

[2]These and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

[3]Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

     (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above.  Preston v. Gibson, 234 F. 3d 1118, 1120 (10th Cir. 2000). Petitioner has not provided the Court with any basis to apply the provisions of § 2244(d)(1)(B), (C), or (D), and so the undersigned will consider the timeliness of the petition under § 2244 (d)(1)(A).

Petitioner alleges that he was convicted on September 22, 1997, and that his convictions were affirmed on October 22, 1998.[4] Petition, p. 1-2.  Petitioner then had 90

---

[4]The docket for Petitioner's appeal, on file with the Oklahoma State Courts Network ,actually shows that Petitioner's convictions were affirmed on September 3, 1998. See Oklahoma State Courts Network, Docket No. F-1997-1292,Oklahoma Court of Criminal Appeals, p. 2 <http://www.oscn.net/applications/ oscn/GetCaseInformation.asp?number=F-1997-1292&db=Appellate&submitted=true> (accessed Aug. 3, 2005). However, since resolution of the discrepancy is not necessary to the analysis herein, the undersigned

days to file a certiorari petition in the United States Supreme Court.[5] This period expired on January 20, 1999, rendering the conviction "final" for purposes of 28 U.S.C. § 2244(d)(1)(A).  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under [28 U.S.C. § 2244(d)(1)(A)], a petitioner's conviction is not final . . . following a decision by the state court of last resort -- [until] 'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'" (citation omitted). Accordingly, the deadline under 28 U.S.C. § 2244(d)(1)(A) for filing a habeas corpus petition in federal court was January 20, 2000. Malone v. State, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (the one year limitation period should be calculated using anniversary date method, citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). This action – filed on July 28, 2005 – was thus filed over five years beyond the AEDPA deadline.

## III. STATUTORY TOLLING

However, federal law provides that the limitations period is tolled for the time in which a "properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2); Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000); see also Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999) (the time tolled includes all periods during which a prisoner is attempting, through proper use of

---

has used the date alleged by Petitioner.

[5]See 28 U.S.C. § 2101(c) (stating that "any writ of certiorari . . . shall be . . . applied for within ninety days after the entry of . . . [the underlying] judgment or decree"); Rule 13, Rules of the Supreme Court of the United States (a certiorari petition is timely if it is filed within 90 days of the entry of judgment by a state court of last resort).

state court procedures, to exhaust state post-conviction remedies).  Although Petitioner did file two state post-conviction applications in this case, he is not entitled to tolling for either of them because both were commenced after the limitations period had already expired.  See e.g., Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year grace period). Therefore, statutory tolling is unavailable in this case.

## IV.  EQUITABLE TOLLING

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  It is Petitioner who has the burden of demonstrating that equitable tolling applies. Cooper v. Bravo, No. 00-2462, 2002 WL 32716 at *4 (10th Cir. Jan. 11, 2002) (citing Miller).  Even if Petitioner can show rare and extraordinary circumstances justifying some equitable tolling of the limitation period, he must also demonstrate that he has diligently pursued his federal claims. Gibson, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently

pursue his federal claims." <u>Burger v. Scott</u>, 317 F.3d 1133, 1141 (10th Cir. 2003).  In this case, Petitioner gives no reason for his three-year delay in filing his first state post-conviction application, or for his five-year delay in seeking federal habeas relief.  Put another way, Petitioner waited almost two years after the one-year limitations period had already passed before bringing his *first* state post-conviction application, and then did not seek federal habeas corpus relief until well over two years after his *last* post-conviction application was denied. Finally, none of the grounds raised herein are such that they would have been unknown to Petitioner at the time of his trial and appeal – indeed Petitioner freely admits that he raised the very same issues on direct appeal.  Petition, p. 5.  In light of the foregoing, the undersigned finds that application of the doctrine of equitable tolling is not appropriate here.

## **RECOMMENDATION**

Based on the foregoing findings, it is recommended that the petition for a writ of habeas corpus be dismissed on filing as untimely.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before August 24, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of

Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

   **ENTERED this 4th day of August, 2005.**


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE